PER CURIAM:
Claimant was driving his 1980 Toyota pick-up truck south on West Virginia Route 61 at 10:00 p.m., February 24, 1990, when he collided with a fallen tree. Fortunately, claimant *137 was not injured, but his vehicle was a total loss. It was sold for $400.00 salvage. The weather conditions were described as "very cold and windy" the night of the accident. Claimant testified that he saw a "downed tree some 30 feet ahead," but could not stop in time to avoid it. Claimant estimated his speed of travel as "40 to 45" miles per hour.
Respondent believes the claimant's accident was the result of an act of nature. This Court is inclined to agree. The tree found at the scene of the accident was a "live tree." Testimony further indicated that the "40 foot green pine tree had rolled out of the ground and slid down the hill, roots and all" shortly before the accident.
No notice was given to respondent that the tree had fallen across the road until after the accident. No evidence was introduced to show that trees fall routinely in the area of the accident. It is therefore impossible to predict such an occurrence, nor to provide warning of this peril. The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by a defect of this sort, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis vs. Dept. of Highways, 21 Ct. Cl. 150 (1977). As the claimant did not meet this burden of proof, the claim must be denied.
Claim disallowed.